IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ZAID AL AZAWI, ERNESTO ALANIS, JR., JON ALLEN, REYNALDO ARREAGA, RONALD CHASE, CHRISTIAN COLON, GREGORY DOOLEY, CODY EDGE, RICHARD ELLIOTT, JUAN GARCIA, ROBERT GARDNER, GARNETT GERLT, PAUL GRANGER, JONATHAN GUAJARDO, CHIMYA JOHNSON, DANA JOHNSON, MAN LEUNG, WELDON NIX, CESAR POSADAS, GUSTAVO RODRIGUEZ, EDWARD RODRIGUEZ, ALEJANDRO SOSA-DELGADO, JOHN SPENCE, ANDREW UMBAUGH, JOSEPH WALDROP, BILL ARELLANO, JIMMY BAINES, ROGER GORAS, KENNETH HAYNES, TONY MALLARD, XAVIER MCCOOK, JOBY VEGA, AND MARVIN EDWARDS, | Case No. 4:14-cv-02962 |
| Plaintiffs, | |
| v. | **Electronically Filed** |
| DIRECTV, INC., DIRECTV, LLC, MASTEC NORTH AMERICA, INC., AND MULTIBAND CORP., | |
| Defendants. | |

**DEFENDANT MASTEC NORTH AMERICA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

## <u>TABLE OF CONTENTS</u>

**Page**

_Toc422134540

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ................................................1

II.     STATEMENT OF THE NATURE OF THE MATTER ....................................................3

      A.      The Parties ......................................................................................................... 3

      B.      Plaintiffs' Prior Lawsuits ................................................................................. 3

III.    STATEMENT OF ISSUES PRESENTED........................................................................5

IV.     APPLICABLE LEGAL STANDARDS ............................................................................6

V.      LEGAL ARGUMENT.......................................................................................................8

      A.      All Of Plaintiffs Alanis, Allen, Arreaga, Colon, Gardner, Goras, Guajardo,
           Haynes and Mallard's FLSA Claims Are Time-Barred ........................................ 8

      B.      The Allegations of Plaintiffs Allen, Colon, Gardner, Gerlt, Haynes, Nix
           and Posadas Regarding Their Pay And Purported Hours Worked Confirm
           That Their Minimum Wage Claims Lack Merit .................................................. 11

      C.      Plaintiffs Fail To Plead Facts Sufficient To Support A Plausible Inference
           Of Employment By MasTec Or Any Subcontractor Of MasTec ......................... 13

      D.      The Court Should Dismiss Plaintiffs' FAC Without Leave To Amend ............... 15

IV.     CONCLUSION.................................................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acfalle v. DIRECTV, et al.*,
  Case NO. 13-8108 ABC ...................................................................................4

*Albanil v. Coast 2 Coast, Inc.*,
  444 Fed. Appx. 788 (5th Cir. 2011)...................................................................11

*Anderson v. DIRECTV Incorporated*,
  No. 2:14-02307, slip op. (D. Ariz. 2015).............................................................11

*Arnold v. DIRECTV, et al.*,
  No. 10-0352-JAR .............................................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................. *passim*

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007)...............................................................................1, 5, 6

*Cavallaro v. UMass Mem. Health Care, Inc.*,
  971 F. Supp. 2d 139 (D. Mass. 2013) ................................................................14

*Chesley v. DIRECTV et al.*,
  No. 14-cv-468-PB, Opinion No. 2015 DNH 115, slip op.
  (D. N. H. June 8, 2015)...............................................................................8, 11

*Craven v. Excel Staffing Service, Inc.*,
  2014 U.S. Dist. LEXIS 11668 (S.D. Tex. Jan. 30, 2014) ........................................6

*In re Enterprise Rent-A-Center Wage & Hour Empl. Litig.*,
  683 F.3d 462 (3d Cir. 2012)............................................................................13

*Foman v. Davis*,
  371 U.S. 178 (1962)........................................................................................14

*Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*,
  494 F. App'x 940 (11th Cir. 2012) ...................................................................13

*Landers v. Quality Commc'ns*,
  771 F.3d 638 (9th Cir. 2014) ...........................................................................7

*Lang v. DIRECTV, et al.*,
  No. 10-1085-NJB ...........................................................................................4

*McLaughlin v. Richland Shoe Co.*,
    486 U.S. 128 (1988)..........................................................................................................8

*Montoya v. FedEx Ground Package System, Inc.*,
    614 F.3d 145 (5th Cir. 2010) .........................................................................................5

*Sandoz v. Cingular Wireless, LLC*,
    2013 U.S. Dist. LEXIS 47018 (W.D. La. Mar. 27, 2013) .......................................10

*Smith v. Pizza Hut, Inc.*,
    694 F. Supp. 2d 1227 (D. Col. 2010)........................................................................14

*Taylor v. Community Bankers Securities, LLC*,
    2013 U.S. Dist. LEXIS 86485 (S.D. Tex. June 20, 2013) .........................................6

**Statutes**

29 U.S.C. § 206.................................................................................................................12

29 U.S.C. § 206(a)(1)(C) .................................................................................................10

29 U.S.C. § 207.................................................................................................................12

29 U.S.C. § 255(a) .........................................................................................................2, 7

**Rules**

Fed. R. Civ. P. 8(a)(2).......................................................................................................6

**Other Authorities**

29 C.F.R. § 778.111(a)....................................................................................................10

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant MasTec North America, Inc. ("MasTec") submits this Memorandum of Law in support of its Motion to Dismiss ("Motion") the claims of Plaintiffs Ernesto Alanis, Jr., Jon Allen, Reynaldo Arreaga, Christian Colon, Juan Garcia, Jr., Robert Gardner, Garnett Gerlt, Jonathan Guajardo, Weldon Nix, Cesar Posadas, Edward Rodriguez, Bill Arellano, Roger Goras, Kenneth Haynes and Tony Mallard (collectively "MasTec Plaintiffs"), as asserted against MasTec in the First Amended Complaint ("FAC"), filed in this matter on February 26, 2015.  (Dkt. 33)

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

This is a wage and hour case brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").  Although this action asserts claims and seeks relief on behalf of 33 individual plaintiffs (*i.e.*, Alanis, Allen, Arreaga, Colon, Garcia, Gardner, Gerlt, Guajardo, Nix, Posadas, Rodriguez, Arellano, Goras, Haynes and Mallard) directs claims for relief against MasTec.  The remaining Plaintiffs in this lawsuit assert claims against DIRECTV, LLC and DIRECTV, Inc. (collectively, "DIRECTV")[1], and/or Multiband Corporation ("Multiband").  Accordingly, the instant Motion is brought solely on behalf of MasTec and directed exclusively to the MasTec Plaintiffs' claims as pled against MasTec.

The FAC fails to set forth the minimal facts necessary to state plausible FLSA claims as required by the United States Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Through this Motion, MasTec seeks dismissal of the MasTec Plaintiffs' claims on three distinct grounds.

---

[1] Effective January 1, 2012, DIRECTV, Inc. merged into DIRECTV, LLC and out of existence. Accordingly, although Plaintiffs have named two "DIRECTV" Defendants, only one, DIRECTV, LLC, currently exists.  Throughout this brief, DIRECTV, Inc. and DIRECTV, LLC are collectively referred to as DIRECTV.

First, the MasTec Plaintiffs fail to allege facts sufficient to state "willful" violations of the FLSA.  As such, the standard two-year FLSA statute of limitations applies, and the claims asserted against MasTec by Plaintiffs Alanis, Allen, Arreaga, Colon, Gardner, Goras, Guajardo, Haynes and Mallard are time-barred under the applicable two-year statute of limitations.  29 U.S.C. § 255(a).

Second, the allegations of the FAC are insufficient to support the minimum wage claims of certain Plaintiffs under the FLSA.  Specifically, the FAC allegations confirm that Plaintiffs Allen, Colon, Gardner, Gerlt, Haynes, Nix and Posadas were paid effective hourly rates that exceeded the minimum wage rates required under the FLSA.

Third, the MasTec Plaintiffs fail to plead facts sufficient to support a reasonable inference that they were ever employed by MasTec.  The FAC is bare of any allegations that the MasTec Plaintiffs were directly hired, supervised or paid by MasTec.  Instead, the MasTec Plaintiffs implicitly suggest (rather than affirmatively plead) that the entities for which they did work directly (Alanis-Nilo Satellite, San Antonio Satellites, Single Source Satellite, Live Broadband, Inc., Inter Network System Group, PAR Connections, Inc., SANSAT LLC, J&J Cable Installation Services, Synergies 3, B&T Satellite, Platinum Communications, Omni Direct Communications to Texas, Inc., Sanrey Communications LLC, Iron Tech., Spasic & Associates and Digital Resolution) misclassified them as independent contractors, and jointly employed them with the named Defendants.  (FAC, ¶¶ 117, 123, 129, 141, 165, 171, 177, 189, 213, 219, 261, 273, 279 and 285)  But the MasTec Plaintiffs fail to plead facts sufficient to raise a reasonable inference that they were employees rather than independent contractors of these entities, and such an inference is essential to their stating a plausible claim of joint employment against MasTec.

As set forth in detail below, the MasTec Plaintiffs' FAC should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to meet the pleading requirements set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure, *Twombly* and *Iqbal*.

## II.   STATEMENT OF THE NATURE OF THE MATTER

### A.   The Parties

DIRECTV is a provider of satellite television services to customers throughout the United States.  MasTec is a Florida-based corporation that, among other business interests, sometimes contracts as a Home Service Provider ("HSP") with DIRECTV to supply satellite installation and repair services ("Services") to DIRECTV customers through qualified service technicians ("Technicians").  Multiband (the other named Defendant) also contracts with DIRECTV as a HSP of satellite television services.

Although many of the Technicians through which MasTec provides Services for DIRECTV are MasTec's own W-2 employees, the MasTec Plaintiffs fail to allege that they were ever so employed by MasTec.  MasTec does sometimes subcontract with independently owned subcontractors to provide Services to DIRECTV customers.  When MasTec enters into such agreements, however, it is the subcontractor that directly hires or contractually engages, and that directly pays, the Technician who performs the Services.  Here, the MasTec Plaintiffs fail to allege any specific facts regarding the nature of their relationships with the subcontractors or other entities for which they directly performed Services.

### B.   Plaintiffs' Prior Lawsuits

This lawsuit is not the first in which Technicians, including Plaintiffs, have brought FLSA claims against DIRECTV and MasTec without naming as defendants any of the subcontractors or entities for which they actually worked and were paid.  For each Plaintiff, this

3

lawsuit represents either the second or the third attempt to bring the same claim against DIRECTV.  These Plaintiffs are no strangers to FLSA litigation against DIRECTV.

Twenty-three of the Plaintiffs[2] were former opt-in plaintiffs in *Lang, et al. v. DIRECTV, Inc.*, No. 10-1085 (E.D. La. 2010) ("*Lang*"), the FLSA collective action filed five years ago against DIRECTV in the Eastern District of Louisiana.  (FAC, ¶ 105; *Lang* Dkt. 1) Significantly, MasTec was not a named defendant in the *Lang* action.  In decertifying the collective in *Lang*, the district court dismissed without prejudice the claims of all opt-ins, barred them from joining, pursuing or initiating a class or collective action for the claims made in *Lang*, and granted them a sixty-day tolling window in which to refile their claims individually.  (*Id.*; *Lang* Dkt. 467, at 1-2)[3]

Thereafter, these twenty-three Plaintiffs (along with more than 270 other dismissed *Lang* plaintiffs from thirty different states) attempted to revive their FLSA claims against DIRECTV in *Acfalle, et al. v. DIRECTV, Inc., et al.*, No. CV-13-0818 (C.D. Cal. 2013) ("*Acfalle*"), an FLSA action filed in the Central District of California.  (FAC, ¶ 106)  Plaintiffs Dooley and Johnson also joined the *Acfalle* action.  (*Id.*)  In addition to naming DIRECTV, the *Acfalle* plaintiffs also named other defendants, including MasTec, but again failed to name or otherwise identify the subcontractors for which they actually worked and by which they were actually paid. (*Acfalle* Dkt. No. 71, at 2)  On July 22, 2014, the *Acfalle* court granted the defendants' motion to sever, dismissing all non-California plaintiffs (including the subject Plaintiffs in this case), and

---

[2] Al Azawi, Alanis, Allen, Arreaga, Chase, Colon, Edge, Elliott, Garcia, Gardner, Gerlt, Granger, Guajardo, Johnson, Leung, Nix, Posadas, G. Rodriguez, E. Rodriguez, Sosa-Delgado, Spence, Umbaugh and Waldrop.

[3] The Court may properly take judicial notice of relevant documents and orders from other court proceedings between the parties in deciding a motion to dismiss under Rule 12(b)(6).  *See* Fed. R. Evid. 201(b)(2).

granting the dismissed plaintiffs a 90-day tolling window in which to refile their individual claims in courts closer to where they lived or had worked.  (FAC, ¶ 106; *Acfalle* Dkt. No. 71, at 9)  The instant lawsuit is the aforementioned Plaintiffs' response to the *Acfalle* order.  (FAC, ¶ 107)

Plaintiffs Arellano, Baines, Goras, Haynes, Johnson, Mallard, McCook, G. Rodriguez and Vega were opt-in plaintiffs in another FLSA collective case also filed five years ago in the Eastern District of Missouri against DIRECTV <u>only</u>:  *Arnold v. DIRECTV, et al.*, No. 10-0352-JAR (E.D. Mo. 2010) ("*Arnold*").  (FAC, ¶ 108)  By order dated December 12, 2014, the *Arnold* court dismissed without prejudice numerous opt-in plaintiffs.  (*Id.*; *Arnold* Dkt. No. 224, at 2)  That order prohibited the dismissed plaintiffs from joining, pursuing or initiating a class or collective action for the claims made in *Arnold*, but granted the dismissed plaintiffs a 90-day tolling window in which to refile their claims individually.  The instant lawsuit is the response of these Plaintiffs to the *Arnold* order.  (FAC, ¶ 109)

MasTec now moves to dismiss the FAC filed by the previously dismissed *Lang* and *Acfalle* Plaintiffs and the previously dismissed *Arnold* Plaintiffs.  As explained below, none of the claims these Plaintiffs assert is sufficiently pled, and none can pass the *Iqbal/Twombly* plausibility test.

## III.   <u>STATEMENT OF ISSUES PRESENTED</u>

Should the FAC be dismissed where:

(A)   Plaintiffs Alanis, Allen, Arreaga, Colon, Gardner, Goras, Guajardo, Haynes and Mallard's individual claims, as alleged, are completely time-barred;

(B)   The allegations of the FAC confirm that Plaintiffs Allen, Colon, Gardner, Gerlt, Haynes, Nix and Posadas were paid effective hourly rates that exceeded the minimum wage rates required under the FLSA; and

(C)   The MasTec Plaintiffs have failed to plead facts sufficient to raise a reasonable inference that they were employees of MasTec?

5

## IV.   **APPLICABLE LEGAL STANDARDS**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the Complaint against the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  As the Supreme Court has explained, the purpose of the rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In order to survive a motion to dismiss, a cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see also Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010).  While Rule 8(a)(2) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  Hence, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor will a complaint that tenders merely "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Under this standard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.; see also Craven v. Excel Staffing Service, Inc.*, 2014 U.S. Dist. LEXIS 11668, *3 (S.D. Tex.  Jan. 30, 2014) (complaint must allege

"more than a possibility that a defendant has acted unlawfully") (Exh. 1).[4]  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  As a result, even a complaint that pleads facts that are consistent with a defendant's liability is insufficient.  *Id.*  Rather, the facts in the complaint must allow the court to reach a reasonable inference that the defendant is liable.  *Id.*

In determining whether a complaint meets this standard, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678; *see also Taylor v. Community Bankers Securities, LLC*, 2013 U.S. Dist. LEXIS 86485, *8 (S.D. Tex. June 20, 2013) (complaint must contain "more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do.") (internal quotations omitted) (Exh. 2).  Thus, as the Supreme Court stated:

> "In keeping with those principles a court considering a motion to dismiss can choose to begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Id.* at 679.  Only a complaint that states a plausible claim for relief based on these standards can survive a motion to dismiss.  *Id.*  Moreover, the plausibility requirement articulated in *Iqbal* and *Twombly* applies to minimum wage and overtime claims brought under the FLSA.  *See Landers v. Quality Commc'ns,* 771 F.3d 638 (9th Cir. 2014), *amended by* No. 12-15890, 2015 U.S. App.

---

[4]  In accordance with Section VII(C) of the Court's Procedures, copies of all unpublished decisions cited in this Memorandum of Law are attached hereto as Exhibits.

LEXIS 1289 (9th Cir. 2015) (affirming dismissal of a minimum wage and overtime FLSA claim brought by technicians paid on a piece-rate basis where Plaintiff failed to plead facts necessary to state a plausible claim under *Iqbal* and *Twombly*).   As the Supreme Court explained, courts should not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678-79.

## V.      LEGAL ARGUMENT

### A.      All Of Plaintiffs Alanis, Allen, Arreaga, Colon, Gardner, Goras, Guajardo, Haynes and Mallard's FLSA Claims Are Time-Barred

Plaintiffs Alanis, Allen, Arreaga, Colon, Gardner, Goras, Guajardo, Haynes and Mallard predicate their FLSA claims upon alleged employment that falls outside of the FLSA's two-year statute of limitations ("SOL").  The FLSA provides that an action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the Act is barred unless commenced within two years after the cause of action accrued, or within three years for a cause of action arising out of a willful violation.   29 U.S.C. § 255(a).   Because the FAC fails to plead "willfulness" sufficiently so as to invoke a three-year SOL, the standard two-year SOL applies to these Plaintiffs' claims.

"Willful" means that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]."  *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133 (1988).   Given that the FAC lacks any factual allegations whatsoever concerning "willfulness," it follows that the normal two-year statute of limitations presumptively applies to Plaintiffs' claims.

In fact, in one of the many "cookie cutter" actions filed by Plaintiffs' counsel against Defendants DIRECTV and Multiband in the District of New Hampshire, where the "willfulness" allegations in the complaint were substantially the same as the allegations set forth in the instant

FAC, the court concluded that the complaint did not sufficiently plead a "willful" violation of the FLSA and dismissed certain plaintiffs' claims as time barred under the standard two-year SOL. *Chesley v. DIRECTV et al.*, No. 14-cv-468-PB, Opinion No. 2015 DNH 115, slip op. at 17 (D.N.H. June 8, 2015) (Exh. 3).   Specifically, the court in *Chesley* found that the plaintiffs' allegation that the defendants' adoption of a "fissured employment" scheme was insufficient to support a finding that defendants "willfully" violated the FLSA.   This followed from the fact that a piece-rate compensation system is not, by itself, illegal.  *Id*. at p. 18.   In fact, the court expressly stated that "[a]t most, the allegation shows that the defendants were aware of the FLSA and attempted to align their conduct in a manner that was cost-effective for them while not violating the FLSA. Such circumstances do not rise to the level of willfulness." *Id*.

Again, the FAC here is substantially similar to the complaint in *Chesley* with regard to allegations of "willfulness."   The FAC contains only a handful of paragraphs that reference "willful" misconduct, and those references consist solely of conclusory allegations and bare legal conclusions.   (FAC, ¶¶ 87, 314, 315, 316 and 317).   As in *Chesley*, Plaintiffs' allegation of "fissured employment" is insufficient to plead a willful violation of the FLSA.   Apart from the aforementioned conclusory allegations of "willfulness," the FAC contains nothing to support a reasonable inference of willful misconduct by any Defendant.   As such, the claims of Plaintiffs Alanis, Allen, Arreaga, Colon, Gardner, Goras, Guajardo, Haynes and Mallard are all time-barred.

The SOL cut-off dates that apply to the claims asserted against MasTec by Plaintiffs Alanis, Allen, Arreaga, Colon, Gardner, Goras, Guajardo, Haynes and Mallard, and the impact of those cut-off dates on their claims, are set forth in the following chart:

| Plaintiff | MasTec SOL Cut-off Dates | Dates of Alleged Employment | Time-Barred Claims |
|---|---|---|---|
| Alanis | November 1, 2011 (FAC, ¶ 315 n.46) | "[B]etween approximately September 2010 and July 2011" (FAC, ¶ 117) | All of Alanis's claims accrued prior to November 1, 2011, and, therefore, are time-barred. |
| Allen | November 1, 2011 (FAC, ¶ 315 n.46) | "[B]etween approximately June 2004 and November 2011" (FAC, ¶ 123) | All of Allen's claims arguably accrued prior to November 1, 2011, and, therefore, are time-barred. |
| Arreaga | November 1, 2011 (FAC, ¶ 315 n.46) | "[B]etween approximately May 2011 and November 2011 (FAC, ¶ 129) | All of Arreaga's claims arguably accrued prior to November 1, 2011, and, therefore, are time-barred. |
| Colon | November 1, 2011 (FAC, ¶ 315 n.46) | "[B]etween approximately 2009 and February 2011" (FAC, ¶ 141) | All of Colon's claims accrued prior to November 1, 2011, and, therefore, are time-barred. |
| Gardner | February 25, 2013 (FAC, ¶ 315 n.46)[5] | "[B]etween approximately January 2010 and August 2012" (FAC, ¶ 171) | All of Gardner's claims accrued prior to February 25, 2013, and, therefore, are time-barred. |
| Goras | October 17, 2012 (FAC, ¶ 315 n.48) | "[B]etween approximately February 2012 and September 2012" (FAC, ¶ 273) | All of Gardner's claims accrued prior to October 17, 2012, and, therefore, are time-barred. |
| Guajardo | November 1, 2011 (FAC, ¶ 315 n.46) | "[B]etween approximately October 2010 and February 2011" (FAC, ¶ 189) | All of Guajardo's claims accrued prior to November 1, 2011, and, therefore, are time-barred. |
| Haynes | October 17, 2012 (FAC, ¶ 315 n.48) | "[A]pproximately six months in 2012" (FAC, ¶ 279) | All of Haynes's claims arguably accrued prior to October 17, 2012, and, therefore, are time-barred. |

[5] Plaintiff Robert Gardner first asserted claims against MasTec in the FAC, filed on February 26, 2015. (Dkt. 33) Thus, the applicable statute of limitations trigger date is the date of the filing of the FAC – *i.e.*, February 25, 2015.

| Plaintiff | MasTec SOL Cut-off Dates | Dates of Alleged Employment | Time-Barred Claims |
|-----------|--------------------------|-----------------------------|--------------------|
| Mallard | October 17, 2012 (FAC, ¶ 315 n.48) | "[B]etween approximately January 2011 and June 2012"  (FAC, ¶ 285) | All of Mallard's claims accrued prior to October 17, 2012 and, therefore, are time-barred. |

As demonstrated above, all of the claims asserted against MasTec by Alanis, Allen, Arreaga, Colon, Gardner, Goras, Guajardo, Haynes and Mallard are time-barred in their entirety because they each base their claims on work dates that precede the applicable two-year SOL cut-off dates.  Based on the foregoing, the Court should dismiss all the claims asserted by Alanis, Allen, Arreaga, Colon, Gardner, Goras, Guajardo, Haynes and Mallard against MasTec.

**B.**     **The Allegations of Plaintiffs Allen, Colon, Gardner, Gerlt, Haynes, Nix and Posadas Regarding Their Pay And Purported Hours Worked Confirm That Their Minimum Wage Claims Lack Merit**

Under the FLSA, "employees engaged in commerce" must be compensated at a rate of $7.25 an hour.  *See* 29 U.S.C. § 206(a)(1)(C).  An employer does not violate the minimum wage provision of the FLSA when its "employees' weekly wage, when divided by the number of hours [that employee] worked [in the week], exceed[s] the minimum wage amount in effect."  *Sandoz v. Cingular Wireless, LLC*, 2013 U.S. Dist. LEXIS 47018, at *14 (W.D. La. Mar. 27, 2013) (Exh. 4); *see also* 29 C.F.R. § 778.111(a) (setting forth the methodology for calculating the "regular hourly rate of pay" for an employee who is paid on a "piece-rate" basis*); Albanil v. Coast 2 Coast, Inc.*, 444 Fed. Appx. 788, 804-05 n.16 (5th Cir. 2011) (noting that the district court granted summary judgment based on the plaintiff's failure to meet its burden to show a violation of the minimum-wage requirement, as "the district court found that the workers ... had not shown that their total number of weekly hours worked divided by their weekly pay was less than minimum wage," and accepting this unchallenged standard for purposes of reconsideration); *Anderson v. DIRECTV Incorporated*, No. 2:14-02307, slip op. at 5 (D. Ariz. 2015) (dismissing

the minimum wage claims of several plaintiffs, and stating that while the plaintiffs were not expected to allege "with mathematical precision the amount of compensation owed by the employer, they should be able to allege facts demonstrating that there was at least one workweek in which they were not fully compensated") (Exh. 5); *Chesley v. DIRECTV et al.*, No. 14-cv-468-PB, Opinion No. 2015 DNH 115, slip op. at 12 (D. N. H. 2015) (dismissing plaintiffs' minimum wage claims where plaintiffs failed to show that "the effective wage rate in a given week was below the statutory minimum") (Exh. 3).

Here, seven of the MasTec Plaintiffs have alleged that they were in fact paid at rates that exceeded the minimum wage rate set forth in the FLSA ($7.25 per hour) – *i.e.*, Plaintiffs Allen, Colon, Gardner, Gerlt, Haynes, Nix and Posadas.  That conclusion is supported by these Plaintiffs' own allegations and the application of simple arithmetic as set forth below:

- Allen alleges that he worked 72 hours per week and "would be paid $1000 per week, which would be reduced by unreimbursed business expenses of $325 per week." (FAC, ¶ 126)  Based on these allegations, Allen was paid $9.38 per hour ([$1000 - $325 = $675] ÷ 72 hours = $9.38), which exceeds the statutory minimum wage rate by $2.13 per hour.

- Colon alleges that he worked 60 hours per week and "would be paid $1300 per week, which would be reduced by unreimbursed business expenses of $199 per week." (FAC, ¶ 144)  Based on these allegations, Christian Colon was paid $18.35 per hour ([$1300 - $199 = $1101]  ÷ 60 hours = $18.35), which exceeds the statutory minimum wage rate by $11.10 per hour.

- Gardner alleges that he worked 50 hours per week and "would be paid $950 per week, which would be reduced by unreimbursed business expenses of $125 per week." (FAC, ¶ 174)  Based on these allegations, Gardner was paid $16.50 per hour ([$950 - $125 = $825] ÷ 50 hours = $16.50), which exceeds the statutory minimum wage rate by $9.25 per hour.

- Gerlt alleges that he worked 70 hours per week and "would be paid $1000 per week, which would be reduced by unreimbursed business expenses of $100 per week." (FAC, ¶ 180)  Based on these allegations, Gerlt was paid $12.86 per hour ([$1000 - $100 = $900] ÷ 70 hours = $ 12.86), which exceeds the statutory minimum wage rate by $5.61 per hour.

- Haynes alleges that he worked 60 hours per week and "would be paid $600 per week, which would be reduced by unreimbursed business expenses." (FAC, ¶ 282)  Based on these allegations, Haynes was paid $10.00 per hour ($600 ÷ 60 hours = $10.00), which exceeds the statutory minimum wage rate by $2.75 per hour.

- Nix alleges that he worked 60 hours per week and "would be paid $750 per week, which would be reduced by unreimbursed business expenses of $154 per week." (FAC, ¶ 216)  Based on these allegations, Nix was paid $9.93 per hour ([$750 - $154 = $596] ÷ 60 hours = $9.93), which exceeds the statutory minimum wage rate by $2.68 per hour.

- Posadas alleges that he worked 65 hours per week and "would be paid $900 per week, which would be reduced by unreimbursed business expenses of $400 per week." (FAC, ¶ 222)  Based on these allegations, Posadas was paid $7.69 per hour ([$900 - $400 = $500] ÷ 65 hours = $7.69), which exceeds the statutory minimum wage rate.

It follows that the allegations of the FAC not only fail to support plausible claims for minimum wage violations, but in fact confirm that Plaintiffs Allen, Colon, Gardner, Gerlt, Haynes, Nix and Posadas were always paid more than the FLSA minimum wage for their alleged work. Accordingly, the Court should dismiss the minimum wage claims asserted by these Plaintiffs.

C. **Plaintiffs Fail To Plead Facts Sufficient To Support A Plausible Inference Of Employment By MasTec Or Any Subcontractor Of MasTec**

It is well settled that the FLSA only imposes wage obligations on "employers."  29 U.S.C. § 206 (setting forth minimum wage obligations of "employers"), and § 207 (providing that "no employer" shall deny its employees earned overtime pay).  Equally clear is that a plaintiff asserting an FLSA claim must plead facts sufficient to demonstrate a defendant's status as an "employer" generally, and as *the* "employer" of the plaintiff, both as defined by the FLSA. *See, e.g., In re Enterprise Rent-A-Center Wage & Hour Empl. Litig.*, 683 F.3d 462 (3d Cir. 2012) (a defendant's status as the plaintiff's "employer" is a predicate to any FLSA claim); *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (adequately pleading an employer-employee relationship between defendant and plaintiff is a

13

threshold element to stating any FLSA claim), *cert. denied*, 134 S. Ct. 62 (2013).  Plaintiffs have done neither of these things in this case.  These omissions alone support the Court's granting this Motion.

As previously noted, the FAC is devoid of any allegations that MasTec directly hired, supervised and/or paid them.  Instead, Plaintiffs plead in conclusory fashion that the alleged payments they received from subcontractors or other entities for Services performed were insufficient to satisfy minimum wage and overtime pay requirements, and seek recovery for the alleged underpayments against MasTec through a joint employment theory.  These allegations are classic examples of "conclusory allegations" and "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 679.  The United States Supreme Court has emphatically held that such allegations "do not suffice" and "will not do" to support a plausible claim for relief.  *Id*.

Although Plaintiffs repeatedly mix and match the named Defendants and other entities in a "three card monte" pleading scheme, relying on ambiguous group terms and labels to obscure the fact that these entities are independent and, in some respects, competitive businesses, they fail to plead any specific facts regarding the entities (*i.e.*, Alanis-Nilo Satellite, San Antonio Satellites, Single Source Satellite, Live Broadband, Inc., Inter Network System Group, PAR Connections, Inc., SANSAT LLC, J&J Cable Installation Services, Synergies 3, B&T Satellite, Platinum Communications, Omni Direct Communications to Texas, Inc., Sanrey Communications LLC, Iron Tech., Spasic & Associates and Digital Resolution) which actually engaged and paid for their work as Technicians.  Without pleading facts sufficient to support a reasonable inference of *employment* by those entities, Plaintiffs necessarily fail to allege a plausible claim of *joint employment* against MasTec.  Put another way, MasTec cannot possibly

be considered the *joint* employer of an individual who has failed to plead facts sufficient to raise

a reasonable inference that he was *underline employed at all*.  *See, e.g.*, *Smith v. Pizza Hut, Inc.*,

694 F. Supp. 2d 1227, 1229 (D. Col. 2010) (granting defendant's motion to dismiss an FLSA

complaint, holding the complaint "inadequate" under *Iqbal* because of its "lack of clarity" and

"conclusory allegations, and explaining that "[b]oth the Defendant and this Court are entitled to a

Complaint that provides clear notice of what claims are at issue"); *Cavallaro v. UMass Mem.*

*Health Care, Inc.*, 971 F. Supp. 2d 139, 147-49 (D. Mass. 2013) (granting the defendants'

motion to dismiss FLSA claims against all alleged "joint employers" based on the plaintiff's

failure to satisfy the *Iqbal/Twombly* pleading standards).  For these reasons, the claims of the

MasTec Plaintiffs should be dismissed.

### D.  The Court Should Dismiss Plaintiffs' FAC Without Leave To Amend

While the Court has broad discretion with respect to granting leave to amend, such leave

is not automatic.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In fact, leave to amend may be

denied for numerous reasons, including futility of amendment.  *Id.*  Based on the long procedural

history applicable to the MasTec Plaintiffs' prior litigation attempts in different courts, it is clear

that further amendment would be futile and that their claims should be dismissed without further

leave to amend.

## IV.  CONCLUSION

For all the foregoing reasons, the Court should dismiss the claims of Plaintiffs Ernesto

Alanis, Jr., Jon Allen, Reynaldo Arreaga, Christian Colon, Juan Garcia, Jr., Robert Gardner,

Garnett Gerlt, Jonathan Guajardo, Weldon Nix, Cesar Posadas, Edward Rodriguez, Bill

Arellano, Roger Goras, Kenneth Haynes and Tony Mallard as asserted against MasTec in the

First Amended Complaint because the aforementioned Plaintiffs fail to satisfy the pleading

requirements set forth in Rule 8(a)(2), and by the Supreme Court in *Iqbal* and *Twombly*.

DATED: June 15, 2015

Respectfully submitted,

**REED SMITH LLP**

By: /s/ *Christina T. Tellado*
　　Linda S. Husar (admitted *pro hac vice*)
　　California State Bar No. 93989
　　　lhusar@reedsmith.com
　　Thomas E. Hill (admitted *pro hac vice*)
　　California State Bar No. 100861
　　　thill@reedsmith.com
　　Christina T. Tellado (admitted *pro hac vice*)
　　California State Bar No. 298597
　　　ctellado@reedsmith.com
　　355 South Grand Avenue, Suite 2800
　　Los Angeles, CA  90071-1514
　　Tel.: (213) 457-8000 / Fax:  (213) 457-8080

　　Peter J. Stuhldreher
　　Texas State Bar No. 24056393
　　Southern District I.D. No. 699821
　　　pstuhldreher@reedsmith.com
　　811 Main Street, Suite 1700
　　Houston, TX 77002-6110
　　Tel.: (713) 469-3800/ Fax: (713) 469-3899

　*Attorneys for Defendant MasTec North
　America, Inc.*

16

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 15th day of June, 2015, I electronically filed the foregoing document with the Clerk of Court using the CMF/ECF system, which will send notification of such filing to all counsel of record.

Dated: June 15, 2015                                                    By: */s/ Christina T. Tellado*
                                                                                   Christina T. Tellado