# **EXHIBIT 5**

**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lyle Andersen, et al., | No. CV-14-02307-PHX-SRB |
| Plaintiffs, | **ORDER** |
| v. | |
| DIRECTV Incorporated, et al., | |
| Defendants. | |

The Court now considers Defendant DIRECTV's Motion to Dismiss Plaintiffs' First Amended Complaint ("MTD") (Doc. 36).

## I. BACKGROUND

Nineteen current and former satellite installation technicians bring claims under the Fair Labor Standards Act ("FLSA") against Defendant DIRECTV based on alleged minimum wage and overtime violations. (*See* Doc. 30, First. Am. Compl. ("FAC") ¶¶ 1-216.)[1] Under what the First Amended Complaint calls a "fissured employment scheme," Plaintiffs allege that Defendant DIRECTV contracted with certain intermediary entities to hire technicians for satellite installation projects. (*Id.* ¶¶ 28-44.) Plaintiffs were paid under a "piece-rate system" for each job completed. (*Id.* ¶ 70.) Plaintiffs contend that

---

[1] The procedural history of this case is complicated. Plaintiffs were involved in several predecessor FLSA collective actions but filed this lawsuit after those cases were decertified or because they did not fit within the collective action subclass to proceed in the lawsuits. (*See* MTD at 3-5; Doc. 38, Pls.' Opp'n to MTD ("Opp'n") at 3-5 (summarizing procedural history and predecessor litigation).) The remaining FLSA collective actions are still pending and have not reached a merits determination.

under this system they were not fully paid for all hours they worked due to Defendant DIRECTV's policies and practices. The policies and practices included imposing chargebacks—amounts deducted from Plaintiffs' pay if there were problems with the installation or if a customer did not give a certain "satisfaction rating" for the installation—and not paying wages for "integral and indispensable" installation tasks such as assembling satellite dishes and driving to jobs by covering only certain enumerated "productive tasks . . . listed on a standardized rate card." (*Id.* ¶¶ 75-80.) Plaintiffs allege they "routinely work[ed] more than forty hours in a work week while being denied overtime pay and being subjected to an effective wage rate below that required by applicable law." (*Id.* ¶ 84.) The First Amended Complaint estimates the average number of hours each Plaintiff worked per week during their employment and the reductions from chargebacks and unreimbursed business expenses. (*Id.* ¶¶ 91-204.)

Defendant DIRECTV moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that (1) eight Plaintiffs have failed to plead minimum wage violations, and (2) Plaintiffs' claims must be dismissed to the extent they involve alleged violations outside the FLSA's two-year statute of limitations for non-willful violations. (*See* MTD at 7-13.) The first argument involves minimum wage claims brought by Plaintiffs Eduardo Meza, Timothy Azlin, Joshua Ondrey, John Hunsberger, George Postulka, John Richards, Jr., James Young, and Ian Elmore. (*Id.* at 8.)

## II. LEGAL STANDARDS AND ANALYSIS

Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011), *cert. denied*, *Blasquez v. Salazar*, 132 S. Ct. 1762 (2012). In determining whether an asserted claim can be sustained, "[a]ll of the facts alleged in the complaint are presumed true, and the pleadings are construed in the light most favorable to the nonmoving party." *Bates v. Mortg. Elec. Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those

facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, "for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, the complaint must contain enough factual content "to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556.

### A. Minimum Wage Violations

"The FLSA sets a national minimum wage . . . and requires overtime pay of one and a half times an employee's hourly wage for every hour worked over 40 hours in a week . . . ." *Probert v. Family Centered Servs. of Alaska, Inc.*, 651 F.3d 1007, 1009-10 (9th Cir. 2011) (citations omitted); *see* 29 U.S.C. § 206(a)(1) (minimum wage); 29 U.S.C. § 207(a)(1) (overtime). Covered nonexempt employees are entitled to a minimum wage of "not less than $7.25 an hour" per workweek. 29 U.S.C. § 206(a)(1). Defendant DIRECTV argues that Plaintiffs Azlin's, Hunsberger's, Meza's, Ondrey's, Postulka's, Richards's, Young's, and Elmore's FLSA minimum wage claims fail as a matter of law and must be dismissed without leave to amend because they "cannot show that their weekly wages fell below the statutory minimum." (MTD at 8.) Defendant DIRECTV contends that when these Plaintiffs' alleged wages are averaged across their alleged total time worked, reductions for chargebacks, and unreimbursed expenses, each of these Plaintiffs was paid the minimum wage. (*Id.* at 9.)[2] Defendant DIRECTV therefore argues that the minimum wage claims are possible, but they do not rise beyond the speculative level. (*Id.* at 10.) Defendant DIRECTV's calculations are based on the following allegations:

> Plaintiff Azlin would work an estimated 75 hours per week; he would be subject to chargebacks of $160 per week; and he would be paid $1,000 per

---

[2] It appears that Defendants did not move to dismiss the minimum wage claims of the other Plaintiffs because their alleged wages averaged below the minimum wage.

- 3 -

week, which would be reduced by unreimbursed business expenses of $377 per week. (FAC ¶ 107) (Defendants' calculation: $8.31 per hour wage)

Plaintiff Hunsberger would work an estimated 70 hours per week; he would be subject to chargebacks of $50 per week; and he would be paid $775 per week, which would be reduced by unreimbursed business expenses of $195 per week. (*Id.* ¶ 119) (Defendants' calculation: $8.00 per hour wage)[3]

Plaintiff Meza would work an estimated 68 hours per week; he would be subject to some amount of chargebacks totaling approximately $750 a month (which equates to $173 a week); and he would be paid $1,000 per week, which would be reduced by unreimbursed business expenses of $245 per week. (*Id.* ¶¶ 136-37) (Defendants' calculation: $11.10 per hour wage)

Plaintiff Ondrey would work an estimated 60 hours per week; he would be subject to chargebacks of $350 per week; and he would be paid $1,000 per week, which would be reduced by unreimbursed business expenses of $157 per week. (*Id.* ¶ 155) (Defendants' calculation: $14.05 per hour wage)

Plaintiff Postulka would work an estimated 60 hours per week; he would be subject to chargebacks of $100 per week; and he would be paid $875 per week which would be reduced by unreimbursed business expenses of $355 per week. (*Id.* ¶ 161) (Defendants' calculation: $8.66 per hour wage)

Plaintiff Richards would work an estimated 55 hours per week; he would be subject to chargebacks of $105 per week; and he would be paid $850 per week, which would be reduced by unreimbursed business expenses of $332 per week. (*Id.* ¶ 167) (Defendants' calculation: $9.42 per hour wage)

Plaintiff Young would work an estimated 65 hours per week; he would be subject to chargebacks of $75 per week; and he would be paid $800 per week, which would be reduced by unreimbursed business expenses of $195 per week. (*Id.* ¶ 185) (Defendants' calculation: $9.31 per hour wage)

Plaintiff Elmore would work an estimated 55 hours per week; he would be subject to chargebacks of $38 per week; and he would be paid $875 per week, which would be reduced by an unspecified amount of unreimbursed business expenses. (*Id.* ¶ 203) (Defendants' calculation: $15.91 per hour wage)

(*See* MTD at 6-7, 9-10.)

Plaintiffs argue that even if the average hourly wages are above the minimum wage, these calculations do not account for the variability each workweek in the hours the Plaintiffs worked, the total chargeback amounts, and other unreimbursed business expenses. (Opp'n at 6-8.) Plaintiffs could have been paid more than the minimum wage certain workweeks but less than the minimum wage in other weeks. The Court agrees

---

[3] Defendant DIRECTV based this calculation on a $755 per week salary rather than the actual $775 per week salary listed in the First Amended Complaint. The average per hour wage for Plaintiff Hunsberger should have been $8.29.

with Plaintiffs that the allegations in the First Amended Complaint cannot be interpreted to mean that Plaintiffs could never have been paid less than the minimum wage in a workweek—a point Defendant DIRECTV admits in Reply. The Court disagrees that Plaintiffs' self-described "general allegations" are sufficient to state a plausible FLSA claim.

In *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 640 (9th Cir. 2014), *as amended* (Jan. 26, 2015), *cert. denied*, No. 14-969, 2015 WL 569003 (Apr. 20, 2015), the Ninth Circuit addressed the application of the *Twombly–Iqbal* pleading standards to FLSA claims. The Ninth Circuit agreed with other circuit courts that had held that "[a] plaintiff may establish a plausible [FLSA] claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, . . . or any other facts that will permit the court to find plausibility." *Id.* at 645. "Although plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of . . . compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they [were not fully compensated]." *Id.* at 646. Under these standards, the Ninth Circuit affirmed the district court's dismissal of the plaintiff's "generalized allegations" of minimum wage and overtime violations. *Id.* The complaint included the "alleg[ation] that the defendants implemented a 'de facto piecework no overtime' system, . . . [but it lacked] any detail regarding a given workweek when [the plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." *Id.*

Plaintiffs do not dispute Defendant DIRECTV's calculations that the employment figures average above the minimum wage. The Court would have to speculate from Plaintiffs' employment figures that there were workweeks in which Plaintiffs did not receive minimum wage because Plaintiffs have not expressly identified workweeks in which they were paid below the minimum wage. Absent such factual content, Plaintiffs' minimum wage claims are no different in substance to the generalized allegations the Ninth Circuit concluded were insufficient to state a plausible FLSA claim in *Landers*.

- 5 -

"Although the[] allegations 'raise the possibility' of undercompensation in violation of the FLSA, a possibility is not the same as plausibility." *See id.* The Court dismisses Plaintiffs Azlin's, Hunsberger's, Meza's, Ondrey's, Postulka's, Richards's, Young's, and Elmore's FLSA minimum wage claims.

### B. Statute of Limitations

The FLSA imposes a two year statute of limitations period for non-willful violations and a three year period for willful violations. 29 U.S.C. § 255. A violation of the FLSA is willful only if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Defendant DIRECTV argues that the allegations in the First Amended Complaint are insufficient to support claims for willful violations of the FLSA, and therefore the claims are time barred to the extent Plaintiffs purport to bring claims that accrued all or in part more than two years from when they first filed or joined an action against Defendant DIRECTV. (MTD at 11-13.) The Court declines to make a finding about whether the two year or three year statute of limitations period applies. The type of parsing of claims that Defendant DIRECTV seeks is premature in this current posture. In the motion to dismiss stage the relevant inquiry is whether a legal claim has been stated, and when Defendant DIRECTV does not identify any Plaintiffs that would be dismissed from the case under its statute of limitations analysis, it is unnecessary to resolve such an issue at this time.

### III. CONCLUSION

The Court dismisses Plaintiffs Azlin's, Hunsberger's, Meza's, Ondrey's, Postulka's, Richards's, Young's, and Elmore's FLSA minimum wage claims as insufficiently pled. The Court does not need to determine the applicable statute of limitations period in this current posture. Plaintiffs have requested the opportunity to file a motion for leave to amend the First Amended Complaint to address the deficiencies identified by the Court. (Opp'n at 11.) Plaintiffs are instructed to follow the applicable local and procedural rules governing amended pleadings in seeking leave to amend. *See*

Fed. R. Civ. P. 15; LRCiv. 15.1. Per the Rule 16 scheduling order, Plaintiffs must seek leave to amend no later than thirty (30) days of the date of this Order.

**IT IS ORDERED** granting in part and denying in part Defendant DIRECTV's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 36).

**IT IS FURTHER ORDERED** instructing Plaintiffs to follow the applicable local and procedural rules governing amended pleadings in seeking leave to amend. Per the Rule 16 scheduling order, Plaintiffs must seek leave to amend no later than thirty (30) days of the date of this Order.

Dated this 5th day of May, 2015.

Susan R. Bolton
United States District Judge