IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

ZAID AL AZAWI, ERNESTO ALANIS, JR., JON
ALLEN, REYNALDO ARREAGA, RONALD
CHASE, CHRISTIAN COLON, GREGORY
DOOLEY, CODY EDGE, RICHARD ELLIOTT,
JUAN GARCIA, ROBERT GARDNER,
GARNETT GERLT, PAUL GRANGER,
JONATHAN GUAJARDO, CHIMYA JOHNSON,
DANA JOHNSON, MAN LEUNG, WELDON
NIX, CESAR POSADAS, GUSTAVO
RODRIGUEZ, EDWARD RODRIGUEZ,
ALEJANDRO SOSA-DELGADO, JOHN SPENCE,
ANDREW UMBAUGH, JOSEPH WALDROP,
BILL ARELLANO, JIMMY BAINES, ROGER
GORAS, KENNETH HAYNES, TONY
MALLARD, XAVIER MCCOOK, JOBY VEGA,
AND MARVIN EDWARDS,

       Plaintiffs,

   v.

DIRECTV, INC., DIRECTV, LLC, MASTEC
NORTH AMERICA, INC., AND MULTIBAND
CORP.,

       Defendants.

Case No. 4:14-cv-02962

## DEFENDANT DIRECTV'S MOTION TO DISMISS
## PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant DIRECTV[1] hereby moves, pursuant to Fed. R. Civ. P. 12(b)(6), to

dismiss the Complaint against DIRECTV.

---

[1] Effective January 1, 2012, DIRECTV, Inc. merged into DIRECTV, LLC and out of existence.
Accordingly, although Plaintiffs have named two Defendants, only one, DIRECTV, LLC,
currently exists.  Throughout this Motion and its supporting materials, DIRECTV, Inc. and
DIRECTV, LLC are collectively referred to as DIRECTV.

Plaintiffs' Complaint should be dismissed for failure to state a plausible claim against DIRECTV.  As an initial matter, Plaintiffs failed to plead the facts necessary to state a plausible claim that DIRECTV was their employer.  Indeed, the Complaint fails to even identify the specific entity or entities with whom DIRECTV allegedly jointly employed each Plaintiff.

Additionally, Plaintiffs' overtime claims should be dismissed because Plaintiffs wholly fail to identify any single workweek in which they worked over 40 hours and did not receive overtime for the hours worked over 40.  Plaintiffs' minimum wage claims should also be dismissed because Plaintiffs have failed to plead any facts that would support an inference that the alleged off-the-clock work, charge backs and failure to reimburse business expenses caused any of them to receive an effective wage below the applicable minimum wage in any workweek.

Even assuming that Plaintiffs' Complaint did set forth the minimal facts necessary to state FLSA claims against DIRECTV (it does not), their claims are time-barred in whole or in part because, among other reasons, the Complaint fails to sufficiently plead "willfulness" to invoke a three-year, rather than two-year, statute of limitations.

The basis for the Motion is further explained in the attached Memorandum of Law, which is incorporated herein.

Respectfully submitted,

DUANE MORRIS LLP,

By: /s/ Wesley W. Yuan
Wesley W. Yuan
State Bar No. 24042434
Fed. Id. 808725
E-mail: wwyuan@duanemorris.com
Duane Morris LLP
1330 Post Oak Blvd., Suite 800
Houston, Texas 77056
Tel: 713.402.3900
Fax: 713.402.3901

Michael Tiliakos (Pro Hac Vice)
Natalie F. Hrubos (Pro Hac Vice)
Christina J. Fletcher (Pro Hac Vice)
DUANE MORRIS LLP
1540 Broadway
New York, N.Y. 10036-4086
Telephone: (212) 692-1000
Facsimile:  (212) 692-1020
Email: MTiliakos@duanemorris.com
Email: NFHrubos@duanemorris.com
Email: CJFletcher@duanemorris.com

*Attorneys for Defendant DIRECTV.*

<u>**CERTIFICATE OF SERVICE**</u>

I, Wesley W. Yuan, state that a true and correct copy of the within Memorandum of Law in Support of Defendant DIRECTV's Motion to Dismiss is being filed electronically utilizing the ECF system and that the ECF system will automatically generate and send a Notice of Electronic Filing to all users associated with the case. If the ECF System indicates that counsel is being served electronically, such service will be deemed to comply with the ECF system. If the ECF System indicates that counsel is not a user of the ECF system, a true and correct copy of this filing will be delivered by United States first class mail, postage prepaid, to any such counsel.

/s/ *Wesley W. Yuan*
Wesley W. Yuan