# Exhibit 4

LEXSEE


Positive
As of: Jun 12, 2015

**EDWARD ROWLETT, Plaintiff, v MICHIGAN BELL, et al., Defendants.**

**Case No. 1:11-cv-1269**

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

**2013 U.S. Dist. LEXIS 10134**

**January 25, 2013, Decided
January 25, 2013, Filed**

**SUBSEQUENT HISTORY:** Magistrate's recommendation at Rowlett v. Bell, 2013 U.S. Dist. LEXIS 75308 (W.D. Mich., Mar. 29, 2013)

**PRIOR HISTORY:** Rowlett v. Bell, 2012 U.S. Dist. LEXIS 186173 (W.D. Mich., Oct. 4, 2012)

**CORE TERMS:** recommendations, willfully violated, correctly, fails to state, reckless disregard, time-barred, asserting

**COUNSEL:** [*1] Edward Rowlett, plaintiff, Pro se, Kalamazoo, MI.

For Michigan Bell, doing business as AT&T, defendant: Stephen John Sferra, Littler Mendelson PC (Cleveland), Cleveland, OH; Emily Kathryn Tyler, Littler Mendelson PC (Detroit), Detroit, MI.

For Local 4123 Communications Workers of America, defendant: Barbara M. Harvey, Detroit, MI; Theodore E. Meckler, Cleveland, OH.

**JUDGES:** HON. JANET T. NEFF, United States District Judge.

**OPINION BY:** JANET T. NEFF

**OPINION**

**OPINION AND ORDER**

Plaintiff Edward Rowlett initiated the present action against Defendant Michigan Bell and Defendant Local Union 4123 in November 2011, asserting claims of "wrongful discharge and breach of a labor agreement" (Dkt 1-1). After his initial filing, Plaintiff filed a Second Amended Complaint (Dkt 39) and a Third Amended Complaint (Dkt 72), which asserted, in pertinent part, that Defendant Michigan Bell willfully violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.; and the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 et seq. On April 23, 2012, Defendant Michigan Bell filed a Motion to Dismiss (Dkt 84), asserting that Plaintiff's Third Amended Complaint failed to state a claim upon which relief can be granted. On October [*2] 4, 2012, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court grant Defendant's motion and dismiss Plaintiff's action against Michigan Bell (Dkt 209).

The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 211), as supplemented (Dkt 221; Dkt 252). The Court further considers Defendant's response to Plaintiff's objections (Dkt 216). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de

novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies Plaintiff's objections and approves and adopts the Report and Recommendation.

Plaintiff's objections are denied for at least two reasons. The first major flaw in Plaintiff's objections, as pointed out in Defendant's response, is that Plaintiff "has not made any specific objections to the [Report and] Recommendation" (Dkt 216 at 5). Rather than pointing out any specific deficiencies in the Magistrate Judge's analysis, Plaintiff provides additional background information on his allegations and then generally requests that the R & R be overturned (Dkt 211 [*3] at 3; Dkt 221 at 6; Dkt 252 at 6). While a pro se litigant's objection should be liberally construed by the Court, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), Plaintiff's "objections" wholly fail to supply the basis for his objections. The local rules of this Court require that the objecting party "specifically identify the portions of the proposed findings, recommendations or report to which objections are made *and* the basis for such objections." W.D. Mich. LCivR 72.3(b) (emphasis added). Plaintiff's failure to explain how the Magistrate Judge erred in evaluating Defendant's motion to dismiss, or in applying the pertinent legal standards, cannot serve as a basis for rejecting the Report and Recommendation. Accordingly, these "objections" are denied.

Moreover, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's Third Amended Complaint fails to state a claim against Defendant Michigan Bell upon which relief can be granted. As the Magistrate Judge correctly noted in the Report and Recommendation, in order to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible [*4] on its face'" (Dkt 209 at 3) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). As the Magistrate Judge correctly stated, and Plaintiff does not dispute, Plaintiff's claims under the FLSA and the FMLA were filed more than two years after the cause of action accrued (Dkt 209 at 5, 7). Therefore, in order to prevent his claims from being time-barred, Plaintiff must show that his claims are instead governed by the three-year limitations periods because Defendant "willfully" violated the FLSA and the FMLA (*id.* at 5, 7) (citing 29 U.S.C. § 255(a); 29 U.S.C. § 2617(c)).

To establish that Defendant committed a "willful" violation under the FLSA, Plaintiff must show that Defendant "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute" (Dkt 209 at 5) (quoting *Herman v. Palo Group Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 2009)). To establish that Defendant "willfully" violated the FMLA, Plaintiff must show that Defendant acted "with knowledge that its conduct [was] prohibited by the FMLA or with reckless disregard of the FMLA's requirements" (Dkt 209 at 6) (quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)). Regarding [*5] Plaintiff's claims under both the FLSA and the FMLA, the Magistrate Judge correctly determined that "while Plaintiff makes the conclusory assertion that [Defendant] acted willfully, Plaintiff has failed to allege any facts which would establish such" (Dkt 209 at 5, 7). Therefore, his claims are time-barred.

In sum, Plaintiff's objections are denied because they fail to identify any error in the Magistrate Judge's analysis in the Report and Recommendation. Furthermore, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's Third Amended Complaint fails to state a claim against Defendant Michigan Bell upon which relief can be granted. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 211) are DENIED and the Report and Recommendation (Dkt 209) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Dkt 84) is GRANTED.

Dated: January 25, 2013

/s/ Janet T. Neff

JANET T. NEFF

United States District Judge