IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ZAID AL AZAWI, ERNESTO ALANIS, JR., JON ALLEN, REYNALDO ARREAGA, RONALD CHASE, CHRISTIAN COLON, GREGORY DOOLEY, CODY EDGE, RICHARD ELLIOTT, JUAN GARCIA, ROBERT GARDNER, GARNETT GERLT, PAUL GRANGER, JONATHAN GUAJARDO, CHIMYA JOHNSON, DANA JOHNSON, MAN LEUNG, WELDON NIX, CESAR POSADAS, GUSTAVO RODRIGUEZ, EDWARD RODRIGUEZ, ALEJANDRO SOSA-DELGADO, JOHN SPENCE, ANDREW UMBAUGH, JOSEPH WALDROP, BILL ARELLANO, JIMMY BAINES, ROGER GORAS, KENNETH HAYNES, TONY MALLARD, XAVIER MCCOOK, JOBY VEGA, AND MARVIN EDWARDS, <br><br>    Plaintiffs, <br><br>    v. <br><br> DIRECTV, INC., DIRECTV, LLC, MASTEC NORTH AMERICA, INC., AND MULTIBAND CORP., <br><br>    Defendants. | Case No. 4:14-cv-02962 |

**DEFENDANT MULTIBAND CORP.'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Multiband Corp. ("Multiband") hereby moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint.

First, Plaintiffs' claims against Multiband should be dismissed as time-barred in whole or in part by the two-year FLSA statute of limitations. Specifically, the FLSA claims against Multiband made by Roger Goras, Dana Johnson and Joseph Waldrop's are time-barred in whole.

The FLSA claims against Multiband made by Gregory Dooley, Cody Edge, Richard Elliott, Paul Granger, Chimya Johnson, John Spence, and Marvin Edwards are time-barred in part. Despite Plaintiffs' barebones allegation to the contrary, there are insufficient facts here to support a three-year statutory period or equitable tolling. Also, the relation-back doctrine does not save their claims.

     Second, even assuming some or all of Plaintiffs' claims are not barred against Multiband by the two-year FLSA statute of limitations, Plaintiffs' Complaint should be dismissed in its entirety for failure to state a plausible claim against Multiband. Specifically, Plaintiffs' overtime claims should be dismissed because Plaintiffs wholly fail to identify any single workweek in which they worked over 40 hours and did not receive overtime for the hours worked over 40. Plaintiffs' minimum wage claims should also be dismissed because Plaintiffs have failed to plead any facts that would support an inference that the alleged off-the-clock work, charge backs and failure to reimburse business expenses caused any of them to receive an effective wage below the applicable minimum wage in any workweek.

     The basis for the Motion is further explained in the attached Memorandum of Law, which is incorporated herein.

Respectfully submitted,

DUANE MORRIS LLP,

By: */s/ Wesley W. Yuan*
Wesley W. Yuan
State Bar No. 24042434
Fed. Id. 808725
E-mail: wwyuan@duanemorris.com
Duane Morris LLP
1330 Post Oak Blvd., Suite 800
Houston, Texas 77056
Tel: 713.402.3900
Fax: 713.402.3901

Michael Tiliakos (Pro Hac Vice)
Natalie F. Hrubos (Pro Hac Vice)
Christina J. Fletcher (Pro Hac Vice)
DUANE MORRIS LLP
1540 Broadway
New York, N.Y. 10036-4086
Telephone: (212) 692-1000
Facsimile:  (212) 692-1020
Email: MTiliakos@duanemorris.com
Email: NFHrubos@duanemorris.com
Email: CJFletcher@duanemorris.com

*Attorneys for Defendant Multiband Corp.*

**CERTIFICATE OF SERVICE**

I, Wesley W. Yuan, state that a true and correct copy of the within Defendant Multiband Corp.'s Motion to Dismiss is being filed electronically utilizing the ECF system and that the ECF system will automatically generate and send a Notice of Electronic Filing to all users associated with the case. If the ECF System indicates that counsel is being served electronically, such service will be deemed to comply with the ECF system. If the ECF System indicates that counsel is not a user of the ECF system, a true and correct copy of this filing will be delivered by United States first class mail, postage prepaid, to any such counsel.

/s/ *Wesley W. Yuan*
Wesley W. Yuan