IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

---

ZAID AL AZAWI, ERNESTO ALANIS, JR., JON
ALLEN, REYNALDO ARREAGA, RONALD
CHASE, CHRISTIAN COLON, GREGORY
DOOLEY, CODY EDGE, RICHARD ELLIOTT,
JUAN GARCIA, ROBERT GARDNER,
GARNETT GERLT, PAUL GRANGER,
JONATHAN GUAJARDO, CHIMYA JOHNSON,
DANA JOHNSON, MAN LEUNG, WELDON
NIX, CESAR POSADAS, GUSTAVO
RODRIGUEZ, EDWARD RODRIGUEZ,
ALEJANDRO SOSA-DELGADO, JOHN SPENCE,
ANDREW UMBAUGH, JOSEPH WALDROP,
BILL ARELLANO, JIMMY BAINES, ROGER
GORAS, KENNETH HAYNES, TONY
MALLARD, XAVIER MCCOOK, JOBY VEGA,
AND MARVIN EDWARDS,

        Plaintiffs,

   v.

DIRECTV, INC., DIRECTV, LLC, MASTEC
NORTH AMERICA, INC., AND MULTIBAND
CORP.,

        Defendants.

Case No. 4:14-cv-02962

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DIRECTV'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

## TABLE OF CONTENTS

Page

I.   PRELIMINARY STATEMENT ....................................................................................1

II.  FACTUAL BACKGROUND ......................................................................................3

     A.   Plaintiffs' Prior Lawsuits ............................................................................ 3

     B.   Plaintiffs' Allegations ................................................................................. 4

     C.   Nature and Stage of the Proceedings ......................................................... 5

III. ISSUE TO BE DECIDED AND STANDARD OF REVIEW ....................................5

IV.  ARGUMENT ............................................................................................................8

     A.   Plaintiffs' Allegations are Legally Insufficient and Their Claims
          Should be Dismissed ................................................................................... 8

          1.   Certain Plaintiffs' Claims Against DIRECTV are Time-Barred ......... 8

          2.   The Allegations of the Minimum Wage Plaintiffs Regarding Their Pay
               And Purported Hours Worked Confirm That Their Minimum Wage
               Claims Lack Merit ...................................................................... 11

V.   CONCLUSION ......................................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acfalle v. DIRECTV, et al.,*
    Case No. 13-cv-08108-ABC (C.D. Cal. 2013) ........................................................3

*Adair v. City of Kirkland*,
    185 F.3d 1055 (9th Cir. 1999) .............................................................11

*Albanil v. Coast 2 Coast, Inc.*,
    444 Fed. Appx. 788 (5th Cir. 2011).........................................................10

*Anderson v. DIRECTV Inc. et al.*,
    Civ.Action No. 2:14-02307, slip op. (D. Ariz. 2015) ................................. 11-12, 14

*Arnold v. DIRECTV, et al.*,
    Case No. 10-cv-00352-JAR (E.D. Mo. 2010) .........................................3-4, 9-10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................ Passim

*Bell Atlantic v. Twombly*,
    550 U.S. 544 (2007).........................................................................Passim

*Chesley v. DIRECTV et al.*,
    Civ. Action No. 14-cv-468-PB, Opinion No. 2015 D. N.H. 115,. (D. N. H. 2014) ...... 8-10, 12

*Craven v. Excel Staffing Serv., Inc.*,
    Civ. Action No. H-12-2860, 2014 U.S. Dist. LEXIS 11668 (S.D. Tex. Jan. 30, 2014)...........6

*Jones v. Alcoa*,
    339 F.3d 359 (5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004)........................................10

*Katoula v. Detroit Entm't LLC*,
    557 Fed. Appx. 496 (6th Cir. 2014).........................................................7

*Landers v. Quality Commc'ns*,
    771 F.3d 638 (9th Cir. 2014), *amended by* No. 12-15890, 2015 U.S. App. LEXIS
    1289 (9th Cir. Jan. 26, 2015) *cert denied*, No. 14-969, 2015 WL 569003 (Apr. 20,
    2015) .................................................................................................6, 12

*Lang v. DIRECTV, et al.*,
    No. 10-cv-01085-NJB (E.D. La 2010)........................................................ 3, 9-10

*McLaughlin v. Richland Shoe Co.*,
    486 U.S. 128 (1988)............................................................................7

*Montoya v. FedEx Ground Package Sys, Inc.*,
    614 F.3d 145 (5th Cir. 2010) ................................................................5

*Rowlett v. Mich. Bell*,
    No. 1:11-cv-1269, 2013 U.S. Dist. LEXIS 10134 (W.D. Mich. Jan. 25, 2013) ......................8

*Sandoz v. Cingular Wireless, LLC*,
    Civ. Action No. 07-1308, 2013 U.S. Dist. LEXIS 47018 (W.D. La. Mar. 27, 2013) ............10

*Taylor v. Cmty Bankers Secs., LLC*,
    No. 2013 U.S. Dist. LEXIS 86485 (S.D. Tex.June 20, 2013) ................................................6

*United States DOL v. Cole Enters.*,
    62 F.3d 775 (6th Cir. 1995) ................................................................11

**Statutes**

28 U.S.C. § 1407 ................................................................4

29 U.S.C. § 206(a)(1)(C) ................................................................10

29 U.S.C. § 255(a) ................................................................2, 7

**Other Authorities**

Fed. R. Civ. P 8 ................................................................5

Fed. R. Civ. P. 8(a)(2) ................................................................2, 5

Fed. R. Civ. P 9(b) ................................................................8

Fed. R. Civ. P 12(b)(6) ................................................................2, 5, 10

Defendant DIRECTV,[1] by and through its undersigned counsel, hereby submits the following Memorandum of Law in support of its Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC").

## I.   PRELIMINARY STATEMENT

This lawsuit is brought by thirty three (33) individual Plaintiffs who purport to bring individual claims under the Fair Labor Standards Act ("FLSA") against DIRECTV, MasTec North America, Inc. ("MasTec"), and/or Multiband Corp. ("Multiband") (collectively "Defendants") for alleged minimum wage and overtime pay violations.

Plaintiffs Zaid Al Azawi, Ronald Chase, Man Leung, Gustavo Rodriguez, Alejandro Sosa-Delgado, Andrew Umbaugh, Jimmy Baines, Xavier McCook and Joby Vega assert their claims against DIRECTV only.  (FAC ¶¶ 115, 139, 211, 235, 241, 253, 271, 295, 301).  Plaintiffs Ernesto Alanis, Jr., Jon Allen, Reynaldo Arreaga, Christian Colon, Juan Garcia, Jr., Robert Gardner, Garnett Gerlt, Jonathan Guajardo, Weldon Nix, Cesar Posadas, Edward Rodriguez, Bill Arellano, Roger Goras, Kenneth Haynes and Tony Mallard assert their claims against both DIRECTV and MasTec.  (FAC ¶¶ 121, 127, 133, 145, 168, 175, 181, 193, 217, 223, 229, 265, 277, 283, 289).  Plaintiffs Gregory Dooley, Cody Edge, Richard Elliott, Paul Granger, Chimya Johnson, Dana Johnson, John Spence, Joseph Waldrop and Marvin Edwards assert their claims against both DIRECTV and Multiband.  (FAC ¶¶ 151, 157, 163, 187, 199, 205, 247, 259, 307).

The FAC fails to set forth the minimal facts necessary to state plausible FLSA claims as required by the United States Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)

---

[1] Effective January 1, 2012, DIRECTV, Inc. merged into DIRECTV, LLC and out of existence. Accordingly, although Plaintiffs have named two Defendants, only one, DIRECTV, LLC, currently exists.  Throughout this brief, DIRECTV, Inc. and DIRECTV, LLC are collectively referred to as DIRECTV.

and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Through this Motion, DIRECTV seeks dismissal of Plaintiffs claims on two distinct grounds.

First, the Plaintiffs fail to allege facts sufficient to state "willful" violations of the FLSA. As such, the standard two-year FLSA statute of limitations applies, and the claims asserted by Plaintiffs Jimmy Baines, Xavier McCook, and Gustavo Rodriguez are time barred under the applicable statute of limitations.  29 U.S.C. § 255(a).

Second, the minimum wage claims asserted by Plaintiffs Jon Allen, Ronald Chase, Christian Colon, Richard Elliott, Robert Gardner, Garnett Gerlt, Chimya Johnson, Man Leung, Weldon Nix, Cesar Posadas, Alejandro Sosa-Delgado, John Spence, Joseph Waldrop, Jimmy Baines, Kenneth Haynes, Xavier McCook, Joby Vega, and Marvin Edwards (collectively the "Minimum Wage Plaintiffs"), as their specific allegations in the FAC are insufficient to support their minimum wage claims.  Specifically, the FAC allegations confirm that the Minimum Wage Plaintiffs were paid effective hourly rates that exceeded the minimum wage rates required under the FLSA.

As set forth in detail below, the FLSA claims of Baines,  McCook, and Rodriguez and the minimum wage claims of the Minimum Wage Plaintiffs as set forth in the FAC should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to meet the pleading requirements set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure, *Twombly* and *Iqbal*.

## II.    FACTUAL BACKGROUND[2]

### A.    Plaintiffs' Prior Lawsuits

The Plaintiffs in this suit are no strangers to FLSA litigation against DIRECTV.  For each of the Plaintiffs[3], including the Plaintiffs unaffected by DIRECTV's present Motion, this lawsuit represents either the second or third attempt to bring the same claim against DIRECTV.

Twenty-three of the Plaintiffs[4] were former opt-ins to an FLSA collective action in the case of *Lang v. DIRECTV, et al.*, No. 10-1085-NJB.  (FAC ¶ 105).  The *Lang* case was pending in the District Court for the Eastern District of Louisiana until the Court decertified the conditionally certified class and dismissed the claims of the opt-ins without prejudice.  *Id.*

After their claims in the *Lang* case were dismissed, these twenty-three Plaintiffs, along with Plaintiffs Gregory Dooley and Chimya Johnson, attempted to pursue their FLSA claims in the District Court for the Central District of California in the case of *Acfalle v. DIRECTV, et al.,* Case No. 13-8108 ABC.  (FAC ¶ 106).  Defendants in *Acfalle* moved to sever the claims of the Plaintiffs because their individual FLSA claims were all asserted in the same lawsuit.  The Court then dismissed the claims of the Plaintiffs who were asserting only FLSA claims, including the claims of the twenty-three Plaintiffs in *Lang*, without prejudice to refile their claims in a court closer to their home state or where they were employed.  *Id.*

---

[2] Solely for purposes of this Motion to Dismiss Plaintiffs' First Amended Complaint and for no other purpose, the allegations made by the Plaintiffs in the pleadings will be deemed to be true.

[3] Each Plaintiff, with the exception of Marvin Edwards, has previously filed suit against DIRECTV as set forth in more detail *infra*.

[4] Zaid Al Azawi, Ernesto Alainis, Jr., Jon Allen, Reynaldo Arreaga, Ronald Chase, Christian Colon, Cody Edge, Richard Elliott, Juan Garcia, Robert Gardner, Garnett Gerlt, Paul Granger, Jonathan Guajardo, Dana Johnson, Man Leung, Weldon Nix, Cesar Posadas, Gustavo Rodriguez, Edward Rodriguez, Alejandro Sosa-Delgado, John Spence, Andrew Umbaugh, and Joseph Waldrop.

The other eight Plaintiffs in this matter (Bill Arellano, Jimmy Baines, Roger Goras, Kenneth Haynes, Tony Mallard, Xavier McCook, Gustavo Rodriguez and Joby Vega), along with Plaintiff Chimya Johnson, previously filed consents to become party Plaintiffs for a conditionally certified FLSA class in the case of *Arnold v. DIRECTV, et al.*, Case No. 10-0352-JAR, which was originally filed on March 2, 2010 against DIRECTV only and which is currently pending in the District Court for the Eastern District of Missouri.  (FAC ¶ 108).  The Court in *Arnold* dismissed the claims of certain opt-in Plaintiffs, including Plaintiffs here, without prejudice to pursue their individual claims elsewhere.[5]  *Id.*

In addition to this case, Plaintiffs' counsel has filed approximately 40 other "cookie-cutter" cases alleging FLSA violations against DIRECTV.  Plaintiffs' counsel filed a Motion for Consolidation and Transfer of 11 of these cases to the Judicial Panel on Multidistrict Litigation ("MDL") pursuant to 28 U.S.C. § 1407, and indicated in their Motion that they would seek to have this case consolidated as well.  DIRECTV and certain home service providers, which were also named in the various suits, opposed MDL consolidation of the matter by the MDL Panel on January 29, 2015.  On February 6, 2015, the Judicial Panel on Multidistrict Litigation denied Plaintiffs' Motion for Consolidation and Transfer of Related Actions.

**B.**     **Plaintiffs' Allegations**

Plaintiffs generally allege that the payments they received *presumably from the subcontractors and/or other third party entities for which they allege they performed work* were insufficient to satisfy the FLSA's minimum wage and overtime pay requirements, and they seek to establish DIRECTV's responsibility for the alleged underpayments pursuant to a joint employer theory of liability.  Specifically, the Plaintiffs allege that they were "employed" by

---

[5] Plaintiffs Jimmy Baines and Joby Vega purport to assert additional claims in the *Arnold* litigation.  (FAC ¶ 108, n. 6).

DIRECTV within the meaning of the FLSA, spent a number of hours working on "tasks that were not assigned a piece rate and which were thus unpaid" and, in some cases, that "unreimbursed business expenses" further reduced their compensation.  (*See e.g.* FAC ¶¶ 160, 162, 196, 198, 244, 246, 256, 258, 304).  However, as discussed more fully below, the specific allegations set forth by each of the Minimum Wage Plaintiffs demonstrate that these Plaintiffs were each paid at a rate which exceeded the statutory minimum.  Accordingly, the Minimum Wage Plaintiffs have failed to state a minimum wage claim against DIRECTV, and their minimum wage claims against DIRECTV should be dismissed.

### C.     Nature and Stage of the Proceedings

Plaintiffs filed their FLSA claims against DIRECTV, MasTec and Multiband on October 20, 2014.  (Dkt. 1).  Thereafter, this matter was temporarily stayed pending a decision by the MDL on plaintiffs' motion to consolidate and transfer the instant action to the MDL.  (Dkt. 14).

On February 26, 2015, following the MDL's denial of the motion to consolidate and transfer, Plaintiffs filed the FAC.  (Dkt. 33)  DIRECTV files the instant Motion to Dismiss pursuant to this Court's order dated March 23, 2015. (Dkt. 42).

### III.     ISSUE TO BE DECIDED AND STANDARD OF REVIEW

Issue:   Whether Plaintiffs' FAC fails to state a claim under the FLSA upon which relief can be granted due to Plaintiffs' failure to timely bring suit and failure to allege facts to support a finding that DIRECTV violated the minimum wage provision of the FLSA.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the Complaint against the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  As the Supreme Court has explained, the purpose of the rule is to "give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In order to survive a motion to dismiss, a cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010). While Federal Rule of Civil Procedure 8(a)(2) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Hence, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint that tenders merely "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Under this standard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.; see also Craven v. Excel Staffing Serv., Inc.*, 2014 U.S. Dist. LEXIS 11668, *3 (S.D. Tex. 2014)[6] (complaint must allege "more than a possibility that a defendant has acted unlawfully"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). As a result, even a complaint that pleads facts that are

---

[6] A true and accurate copy of the Southern District of Texas's January 30,2014 decision in *Craven v. Excel Staffing Serv., Inc.,*. is attached hereto as <u>Exhibit 3</u>

consistent with a defendant's liability is insufficient. *Id.* Rather, the facts in the complaint must allow the court to reach a reasonable inference that the defendant is liable. *Id.*

In determining whether a complaint meets this standard, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Taylor v. Cmty Bankers Secs., LLC*, 2013 U.S. Dist. LEXIS 86485, *8 (S.D. Tex. 2013)[7] (complaint must contain "more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do.") (internal quotations omitted). Thus, as the Supreme Court stated:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal.* at 679. Only a complaint that states a plausible claim for relief based on these standards can survive a motion to dismiss. *Id.* The requirement of plausibility articulated in *Iqbal* and *Twombly* applies to minimum wage and overtime claims brought under the FLSA. *See Landers v. Quality Commc'ns,* 771 F.3d 638 (9th Cir. 2014), *amended by* No. 12-15890, 2015 U.S. App. LEXIS 1289 (9th Cir. 2015) (affirming dismissal of a minimum wage and overtime FLSA claim brought by technicians paid on a piece-rate basis where Plaintiff failed to plead facts necessary to state a plausible claim under *Iqbal* and *Twombly*). As the Supreme Court explained, courts should not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

---

[7] A true and accurate copy of the Southern District of Texas' June 20, 2013 decision in *Taylor v. Cmty Bankers Secs., LLC.* is attached hereto as <u>Exhibit 6</u>

## IV.   ARGUMENT

**A.   Plaintiffs' Allegations are Legally Insufficient and Their Claims Should be Dismissed**

### 1.   Certain Plaintiffs' Claims Against DIRECTV are Time-Barred

Plaintiffs Jimmy Baines, Xavier McCook, and Gustavo Rodriguez predicate their FLSA claims upon alleged employment that falls outside of the FLSA's two-year statute of limitations. The FLSA provides that an action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the Act is barred unless commenced within two years after the cause of action accrued, or within three years for a cause of action arising out of a willful violation.  29 U.S.C. § 255(a).  The FAC fails to sufficiently plead "willfulness" to invoke a three-year, rather than the standard two-year statute of limitations.

"Willful" means that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  Given the Complaint lacks any factual allegations whatsoever concerning "willfulness," it follows that the normal two-year statute of limitations presumptively applies to Plaintiffs' claims.  *See, e.g.*, *Katoula v. Detroit Ent't LLC*, 557 Fed. Appx. 496, 498 (6th Cir. 2014) (granting motion to dismiss where the amended complaint did not contain facts that presented a plausible claim that Defendant acted willfully, explaining that "after the Supreme Court's decisions in *Iqbal* and *Twombly*, a plaintiff must do more than make the conclusory assertion that a defendant acted willfully" and that "[t]he Supreme Court specifically addressed state-of-mind pleading in *Iqbal*, and explained that Rule 9(b) – which allows a plaintiff to plead 'malice, intent, knowledge and other conditions of a person's mind. . . generally' -- does not give a plaintiff license to 'plead the bare elements of his cause of action  . . . and expect his complaint to survive a motion to dismiss'"); *Rowlett v. Michigan Bell*, No. 1:11-cv-1269, 2013

8

U.S. Dist. LEXIS 10134, at *5 (W.D. Mich. Jan. 25, 2013)[8] (adopting Magistrate Judge's order dismissing FLSA claim as time-barred under two-year statute of limitations, because "while Plaintiff makes the conclusory assertion that [Defendant] acted willfully, Plaintiff has failed to allege any facts which would establish such.").

In fact, in one of the many "cookie cutter" actions filed by Plaintiffs' counsel against DIRECTV and Multiband in the District of New Hampshire, where the "willfulness" allegations in the complaint are substantially the same as allegations set forth in the instant FAC, the court concluded that the complaint did not sufficiently pled a "willful" violation of the FLSA  and dismissed certain plaintiffs' claims as time barred under the standard two-year statute of limitations.  *Chesley v. DIRECTV et al.*, Civil Action Number 14-cv-468-PB, Opinion No. 2015 DNH 115, slip op. at 17 (D. N. H. 2015).[9]  Specifically, the court in *Chesley* found that plaintiffs' allegation that defendants' alleged adoption of a "fissured employment" scheme to avoid the FLSA is insufficient to support a finding that defendants "willfully" violated the FLSA, as the piece-rate compensation system allegedly employed by defendants was not, by itself, illegal.  *Id*. at p. 18.  In fact, the court expressly stated that "[a]t most, the allegation shows that the defendants were aware of the FLSA and attempted to align their conduct in a manner that was cost-effective for them while not violating the FLSA. Such circumstances do not rise to the level of willfulness."  *Id*.

The FAC here is, again, substantially similar to the complaint in *Chesley* with regard to allegations of "willfulness."  The FAC, like the complaint in *Chesley*, contains only a handful of

---

[8] A true and accurate copy of the Western District of Michigan's Jan. 25, 2013 decision in *Rowlett v. Mich. Bell.* is attached hereto as Exhibit 4

[9] A true and accurate copy of the District of New Hampshire's June 8, 2015 decision in *Chesley v. DIRECTV, Inc. et al.* is attached hereto as Exhibit 1.

paragraphs that reference "willful" misconduct, and those references consist solely of conclusory allegations and bare legal conclusions.  (FAC ¶¶ 87, 314, 315, 316, and 317).  As in *Chesley*, plaintiffs' allegation of "fissured employment" is insufficient to plead a willful violation of the FLSA.  Apart from the aforementioned conclusory allegations of "willfulness," the FAC contains nothing to support a reasonable inference of willful misconduct by any Defendant.   As such, the claims of Plaintiffs McCook, Baines, and Rodriquez are time-barred in whole.

Plaintiffs McCook and Baines first asserted their FLSA claims against DIRECTV when they filed their consents to join the *Arnold* case on February 19, 2013 and March 14, 2013, respectively.  *See Arnold* Docket Nos. 153 and 163.  According to the FAC, Xavier McCook's last day of work was in December 2010.  (FAC ¶ 291).  Under the standard FLSA two-year limitations period, the deadline for Xavier McCook to file his claims against DIRECTV was in December 2012.  Given that Xavier McCook did not join the *Arnold* case until February 19, 2013, his claims against DIRECTV are time barred and must be dismissed.

Similarly, Jimmy Baines did not file his claims against DIRECTV in *Arnold* until after the statute of limitations applicable to his alleged claims against DIRECTV expired.  According to the FAC, Jimmy Baines' last day of work was in June 2010.  (FAC ¶ 267).  Under the standard FLSA two-year limitations period, the deadline for Jimmy Baines to file his claims against DIRECTV was in June 2012.  As he did not file his claims against DIRECTV until March 14, 2013, his claims are time-barred and must be dismissed.

Plaintiffs Gustavo Rodriguez first asserted his FLSA claims against DIRECTV when he filed his consent to join the *Lang* case on and August 22, 2012.  *See Lang* Docket Nos. 311.  According to the FAC, Gustavo Rodriguez's last day of work was in April 2010.  (FAC ¶ 231).  Under the standard FLSA two-year limitations period, the deadline for Gustavo Rodriguez to file

his claims against DIRECTV was in April 2012.  Given that Gustavo Rodriguez did not join the *Arnold* case until August 22, 2012, his claims against DIRECTV are time barred and must be dismissed.

As noted by the District of New Hampshire in *Chesley*, the mere fact that Plaintiffs were paid on a piece-rate basis as part of a "fissured" employment scheme, even if true, is insufficient to plead "willfulness" under the FLSA, and the standard two year statute of limitations should apply to Plaintiffs claims here.  Thus, as Plaintiffs Baines, McCook, and Rodriguez only purport to bring claims that accrued more than two years before the filing of their consents to join *Arnold* or *Lang*, those claims are time-barred in whole and must therefore be dismissed against DIRECTV.  *See Jones v. Alcoa*, 339 F.3d 359, 366 (5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").

> ## 2.     The Allegations of the Minimum Wage Plaintiffs Regarding Their Pay And Purported Hours Worked Confirm That Their Minimum Wage Claims Lack Merit

Under the FLSA, "employees engaged in commerce" must be compensated at a rate of $7.25 an hour.  *See* 29 U.S.C. § 206(a)(1)(C).  An employer does not violate the minimum wage provision of the FLSA when its "employees' weekly wage, when divided by the number of hours [that employee] worked [in the week], exceed[s] the minimum wage amount in effect." *Sandoz v. Cingular Wireless, LLC*, Civil Action No. 07-1308, 2013 U.S. Dist. LEXIS 47018, at *14 (W.D. La. Mar. 27, 2013)[10]; *see also Albanil v. Coast 2 Coast, Inc.*, 444 Fed. Appx. 788, 804-05 n.16 (5th Cir. 2011) (noting that the district court granted summary judgment based on Plaintiff's

---

[10] A true and accurate copy of the Western District of Louisiana's March 27, 2013 decision in *Sandoz v. Cingular Wireless, LLC* is attached hereto as Exhibit 5.

failure to meet its burden to show a violation of the minimum-wage requirement, as "the district court found that the workers . . . had not shown that their total number of weekly hours worked divided by their weekly pay was less than minimum wage" and accepting this unchallenged standard for purposes of reconsideration); *see also United States DOL v. Cole Enters.*, 62 F.3d 775, 780 (6th Cir. 1995) (examining the workweek total wages in evaluating a claim that employer violated the minimum wage provision of the FLSA); *Adair v. City of Kirkland*, 185 F.3d 1055, 1063 (9th Cir. 1999) (no minimum wage claim under the FLSA where Plaintiffs' "salary, when averaged across their total time worked, still paid them above minimum wage").

In a separate action brought by Plaintiffs' counsel purporting to make the same minimum wage and overtime claims at issue in this matter against DIRECTV, *Anderson v. DIRECTV Incorporated* ("*Anderson*"),[11] the District of Arizona dismissed the minimum wage claims of several plaintiffs. In doing so, the court specifically stated that while the plaintiffs were not expected to allege "with mathematical precision the amount of compensation owed by the employer, they should be able to allege facts demonstrating that there was at least one workweek in which they were not fully compensated." *Anderson v. DIRECTV Incorporated*, Civil Action Number 2:14-02307, slip op. at 5 (D. Ariz. 2015) (Ex. 11), quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), *as amended* (Jan. 26, 2015), *cert denied*, No. 14-969, 2015 WL 569003 (Apr. 20, 2015) (affirming dismissal of plaintiff's generalized allegations of minimum wage and overtime violations). This is because, without such factual detail, "[t]he Court would have to speculate from [p]laintiffs' employment figures that there were workweeks in which [p]laintiffs did not receive minimum wage because [p]laintiffs have not expressly identified workweeks in which they were paid below the minimum wage. Absent such

---

[11] A true and accurate copy of the District of Arizona's decision in *Anderson v. DIRECTV Incorporated* is attached hereto as Exhibit 2.

factual content, [p]laintiffs' minimum wage claims are no different in substance to the general allegations the Ninth Circuit concluded were insufficient to state a plausible FLSA claim in *Landers*." *Anderson*, slip op. at 5-6; *see also Chesley v. DIRECTV et al.*, Civil Action Number 14-cv-468-PB, Opinion No. 2015 DNH 115, slip op. at 12 (D. N. H. 2015) (dismissing plaintiffs' minimum wage claims where plaintiffs failed to show that "the effective wage rate in a given week was below the statutory minimum.") (attached hereto as <u>Exhibit 1</u>).

Here, Minimum Wage Plaintiffs have alleged that they were in fact paid at rates that exceeded the minimum wage rate set forth in the FLSA ($7.25 per hour).  That conclusion is supported by the Minimum Wage Plaintiffs' own allegations and the application of simple arithmetic[12] as follows:

- Jon Allen alleges that he worked 72 hours per week and "would be paid $1000 per week, which would be reduced by unreimbursed business expenses of $325 per week." (FAC ¶ 126).  Based on these allegations, Jon Allen was paid $9.38 per hour ($1000 - $325 = $675 /72 hours = $9.38), which exceeds the statutory minimum by $2.13 per hour.
- Ronald Chase alleges that he worked 55 hours per week and "would be paid $500 per week, which would be reduced by unreimbursed business expenses of $90 per week." (FAC ¶ 138).  Based on these allegations, Ronald Chase was paid $7.45 per hour ($500 - $90 = $410 /55 hours = $7.45), which exceeds the statutory minimum.
- Christian Colon alleges that he worked 60 hours per week and "would be paid $1300 per week, which would be reduced by unreimbursed business expenses of $199 per week." (FAC ¶ 144).  Based on these allegations, Christian Colon was paid $18.35 per hour ($1300 - $199 = $1101 /60 hours = $18.35), which exceeds the statutory minimum by $11.10 per hour.
- Richard Elliott alleges that he worked 60 hours per week and "would be paid $900, which would be reduced by unreimbursed business expenses of $198 per week." (FAC ¶ 162).  Based on these allegations, Richard Elliot was paid $11.70 per hour ($900 - $198 = $702 /60 hours = $11.70), which exceeds the statutory minimum by $4.45 per hour.
- Robert Gardner alleges that he worked 50 hours per week and "would be paid $950 per week, which would be reduced by unreimbursed business expenses of

---

[12] The below calculations follow the same mathematical formula employed by DIRECTV in *Anderson*, in which plaintiffs minimum wage claims were dismissed.

$125 per week." (FAC ¶ 174).  Based on these allegations, Robert Gardner was paid $16.50 per hour ($950 - $125 = $825 /50 hours = $16.50), which exceeds the statutory minimum by $9.25 per hour.

- Garnett Gerlt alleges that he worked 70 hours per week and "would be paid $1000 per week, which would be reduced by unreimbursed business expenses of $100 per week." (FAC ¶ 180).  Based on these allegations, Garnett Gerlt was paid $12.86 per hour ($1000 - $100 = $900 /70 hours = $ 12.86), which exceeds the statutory minimum by $5.61 per hour.

- Chimya Johnson alleges that he worked 55 hours per week and "would be paid $950 per week, which would be reduced by unreimbursed business expenses of $80 per week."  (FAC ¶ 198).  Based on these allegations, Chimya Johnson was paid $15.82 per hour ($950 - $80 = $870 /55 hours = $15.82), which exceeds the statutory minimum by $8.57 per hour.

- Man Leung alleges that he worked 80 hours per week and "would be paid $1200 per week, which would be reduced by unreimbursed business expenses of $120 per week." (FAC ¶ 210).  Based on these allegations, Man Leung was paid $13.50 per hour ($1200 - $120 = $1080 /80 hours = $13.50), which exceeds the statutory minimum by $6.25 per hour.

- Weldon Nix alleges that he worked 60 hours per week and "would be paid $750 per week, which would be reduced by unreimbursed business expenses of $154 per week." (FAC ¶ 216).  Based on these allegations, Weldon Nix was paid $9.93 per hour ($750 - $154 = $596 /60 hours = $9.93), which exceeds the statutory minimum by $2.68 per hour.

- Cesar Posadas alleges that he worked 65 hours per week and "would be paid $900 per week, which would be reduced by unreimbursed business expenses of $400 per week." (FAC ¶ 222).  Based on these allegations, Cesar Posadas was paid $7.69 per hour ($900 - $400 = $500 /65 hours = $7.69), which exceeds the statutory minimum.

- Alejandro Sosa-Delgado alleges that he worked 65 hours per week and "would be paid $600 per week, which would be reduced by unreimbursed business expenses of $125 per week." (FAC ¶ 240).  Based on these allegations, Alejandro Sosa-Delgado was paid $7.30 per hour ($600 - $125 = $475 /65 hours = $7.30), which exceeds the statutory minimum.

- John Spence alleges that he worked 55 hours per week and "would be paid $1200 per week, which would be reduced by unreimbursed business expenses of $300 per week."  (FAC ¶ 246).  Based on these allegations, John Spence was paid $16.36 per hour ($1200 - $300 = $900 /55 hours = $16.36), which exceeds the statutory minimum by $9.11 per hour.

- Joseph Waldrop alleges that he worked 80 hours per week and "would be paid $1600 per week, which would be reduced by unreimbursed business expenses of $475 per week."  (FAC ¶ 258).  Based on these allegations, Joseph Waldrop was paid $14.06 per hour ($1600 - $475 = $1125 /80 hours = $14.06), which exceeds the statutory minimum by $6.81 per hour.

- Jimmy Baines alleges that he worked 59 hours per week and "would be paid $600 per week." (FAC ¶ 270).  Based on these allegations, Jimmy Baines was paid

$10.17 per hour ($600 /59 hours = $10.17), which exceeds the statutory minimum by $2.92 per hour.

- Kenneth Haynes alleges that he worked 60 hours per week and "would be paid $600 per week, which would be reduced by unreimbursed business expenses." (FAC ¶ 282). Based on these allegations, Kenneth Haynes was paid $10.00 per hour ($600 /60 hours = $10.00), which exceeds the statutory minimum by $2.75 per hour. Though alleging he incurred unreimbursed business expenses, Kenneth Haynes fails to allege any facts to support a finding that such expenses were high enough to reduce his pay by $2.75 per hour. Such an inference, without factual support in the FAC, is too speculative to survive a motion to dismiss. *See Anderson*, slip op. at 5-6.

- Xavier McCook alleges that he worked 63 hours per week and "would be paid $650 per week, which would be reduced by unreimbursed business expenses of $25 per week." (FAC ¶ 294). Based on these allegations, Xavier McCook was paid $9.92 per hour ($650 - $25 = $625 /63 hours = $9.92), which exceeds the statutory minimum by $2.67 per hour.

- Joby Vega alleges that he worked 75 hours per week and "would be paid $1200 per week, which would be reduced by unreimbursed business expenses of $263 per week." (FAC ¶ 300). Based on these allegations, Joby Vega was paid $12.49 per hour ($1200 - $263 = $937 /75 hours = $12.49), which exceeds the statutory minimum by $5.24 per hour.

- Marvin Edwards alleges that he worked 60 hours per week and "would be paid $750 per week." (FAC ¶ 306). Based on these allegations, Marvin Edwards was paid $12.50 per hour ($750 /60 hours = $12.50), which exceeds the statutory minimum by $5.25 per hour.

As in *Anderson*, the allegations of the FAC not only fail to support plausible claims for minimum wage violations, but in fact confirm that the Minimum Wage Plaintiffs listed above were paid more than the minimum wage for their alleged work. Accordingly, the minimum wage claims of the Minimum Wage Plaintiffs must be dismissed.

## V.   <u>CONCLUSION</u>

For these reasons, the claims brought by the above-referenced Plaintiffs against

DIRECTV should be dismissed, as set forth above, with prejudice.

Respectfully submitted,

DUANE MORRIS LLP,

By: */s/ Wesley W. Yuan*
Wesley W. Yuan
State Bar No. 24042434
Fed. Id. 808725
E-mail: wwyuan@duanemorris.com
DUANE MORRIS LLP
1330 Post Oak Blvd., Suite 800
Houston, Texas 77056
Tel: 713.402.3900
Fax: 713.402.3901

Michael Tiliakos (*Pro Hac Vice*)
Natalie F. Hrubos (*Pro Hac Vice*)
Christina J. Fletcher (*Pro Hac Vice*)
DUANE MORRIS LLP
1540 Broadway
New York, N.Y. 10036-4086
Telephone: (212) 692-1000
Facsimile:  (212) 692-1020
Email: MTiliakos@duanemorris.com
Email: NFHrubos@duanemorris.com
Email: CJFletcher@duanemorris.com

*Attorneys for Defendant DIRECTV*

**<u>CERTIFICATE OF SERVICE</u>**

I, Wesley W. Yuan, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon interested parties.

/s/ Wesley W. Yuan_____
Wesley W. Yuan