UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZAAD AL AZAWI, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2962 |
| | § | |
| DIRECTV, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

### I. INTRODUCTION

Pending before the Court are the defendants', Mastec North America, Inc. ("MasTec"), DIRECTV, LLC[1] ("DIRECTV"), and Multiband Corp. ("Multiband") (together, the "defendants"), separately-filed motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. Nos. 50, 51, 52, 56, 54 & 55, respectively). The plaintiffs have filed a combined response in opposition to the defendants' motions (Dkt. No. 57) and each of the defendants has filed a reply. (Dkt. Nos. 60, 61, & 63). After having carefully considered the motions, responses, replies and the applicable law, the Court determines that the defendants' motions to dismiss should be **DENIED**.

### II. FACTUAL BACKGROUND

The plaintiffs are thirty-three current and former satellite television installation technicians who installed and/or repaired DIRECTV satellite television equipment in Texas. These plaintiffs either worked directly for DIRECTV or performed work for one of its affiliated home service providers ("HSPs"), including MasTec and Multiband, pursuant to a series of

---

[1] The plaintiffs have named both DIRECTV, Inc. and DIRECTV, LLC as party defendants. Effective January 1, 2012, however, DIRECTV, Inc. merged into DIRECTV, LLC and now ceases to exist. Accordingly, the Court will refer to the defendant as DIRECTV, LLC.

1 / 4

interconnected contracts with DIRECTV. These contracts dictate, *inter alia*, that each technician drive a DIRECTV-branded vehicle, wear a uniform bearing the DIRECTV logo and perform work in accordance with DIRECTV's policies and procedures. Nonetheless, the technicians are classified as either "independent contractors" or W-2 employees of the various entities affiliated with DIRECTV. Based on these purported classifications, the defendants deny that they employed the plaintiffs.

On October 17, 2014, the plaintiffs commenced the instant action against DIRECTV, MasTec and Multiband, pursuant to the Fair Labor Standards Act ("FLSA"), alleging that DIRECTV's fissured employment scheme and practices deprived them of compensation for all hours worked, including overtime pay, minimum wage payment, and reimbursement of necessary business expenses. The defendants now separately move to dismiss the plaintiffs' complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary;

the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In this regard, its review is limited to the

allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

**IV.   DISCUSSION**

The Court has carefully reviewed the plaintiffs' 65-page, 320-paragraph, First Amended Complaint as well as the defendants' allegations in their motions concerning the plaintiffs' alleged pleading deficiencies. The Court finds, however, that the plaintiffs' factual allegations exceed the minimum pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and, when accepted as true as this Court is required to do under the standard applicable here—state a claim for relief that is plausible on its face---as required by *Twombly*, 550 U.S. at 555 - 56, 127 S. Ct. at 1964 - 65, and *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. This Court agrees with the plaintiffs that, at this stage of the litigation, their First Amended Complaint is sufficient to state a claim under the FLSA. Indeed, their First Amended Complaint puts the defendants on notice of their claims and alleges facts that plausibly entitle the plaintiffs to relief under the FLSA. Accordingly, the defendants' motions to dismiss are **DENIED**.

**V.   CONCLUSION**

Based on the foregoing, the defendants' motions to dismiss are **DENIED**.

It is so **ORDERED**.

SIGNED on this 29th day of March, 2016.

_____
Kenneth M. Hoyt
United States District Judge